**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
**RODNEY L. WYATT, Jr.,**           :
                                    :         **Civ. No. 17-1335 (RMB)**
            Petitioner,             :
                                    :
    v.                              :         OPINION
                                    :
                                    :
**WARDEN FCI FORT DIX,**            :
                                    :
            Respondent.             :
_____        :

**BUMB,** United States District Judge

    Petitioner Rodney L. Wyatt, Jr., a prisoner confined in FCI Fort Dix, in Fort Dix, New Jersey, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on February 27, 2017. (Pet., ECF No. 1.) Petitioner contends that his prior convictions do not qualify him as a career offender, and he seeks resentencing. (Mem. of Law in Supp. of Pet. for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petr's Mem.") ECF No. 1-1 at 2.) Petitioner asserts that jurisdiction is proper under 28 U.S.C. § 2241 because a motion to vacate under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his sentence. (Id. at 1.)

    Pursuant to Rule 4 of the Rules Governing Section 2254

Cases in the United States District Courts, applicable to § 2241 under Rule 1, the scope of the rules, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner."  For the reasons discussed below, the Court will construe the petition as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, and transfer the petition to the Fourth Circuit Court of Appeals.

I. BACKGROUND

Petitioner is serving a federal sentence upon his conviction and sentencing on September 14, 2009, in the United States District Court for the Eastern District of Virginia. (Pet., ECF No. 1, ¶4.)  Petitioner, who pled guilty to conspiracy to distribute fifty grams or more of a substance containing a detectable amount of cocaine base and 500 grams of more of cocaine hydrochloride, did not file a direct appeal. U.S. v. Wyatt, 3:09CR133, 2015 WL 2169515, at *1 (E.D. Va. May 8, 2015). Petitioner filed a § 2255 motion in the United States District Court for the Eastern District of Virginia on May 29, 2012.  Id.  The court dismissed the § 2255 motion because it was barred by the one-year statute of limitations.  Id. at *2.

Petitioner filed a second § 2255 motion in the District

Court for the Eastern District of Virginia on or about June 27, 2016. United States v. Wyatt, 3:09CR133, 2016 WL 3912033, at *1 (E.D. Va. July 19, 2016). The court noted that on July 7, 2016, the Fourth Circuit Court of Appeals denied permission for Petitioner to file a successive § 2255 motion. Id. Therefore, the court denied the § 2255 motion for want of jurisdiction. Id. Petitioner filed a third § 2255 motion on October 6, 2016, and it was denied the same day. (Petr's Mem., ECF No. 1-1 at 4.)

II. DISCUSSION

In the Third Circuit, the exception to the general rule that a challenge to a conviction or sentence must be brought under 28 U.S.C. § 2255 in the sentencing court has only been applied "where the petitioner was in the 'unusual position' of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002) (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). The Third Circuit has not extended this exception to include situations where a prisoner is challenging a sentencing enhancement based on an intervening change in substantive law. Id. (refusing to extend Dorsainvil exception to sentencing challenge under Apprendi); Rodriguez v. Warden Lewisburg USP, Nos. 15-3555, 15-3570, 2016 WL 1127869, at *2 (3d

3

Cir. Mar. 23, 2016) (refusing to extend Dorsainvil exception to sentencing challenge under Alleyne v. United States, 133 S.Ct. 2151 (2013)).

Here, Petitioner challenges the basis for his sentencing enhancement under the career offender guidelines, pursuant to United States v. Mathis, 136 S.Ct. 2243 (2016). (Petr's Mem., ECF No. 1-1 at 15-17.) This Court lacks jurisdiction under 28 U.S.C. § 2241, because Petitioner was not convicted for conduct that the Supreme Court later deemed not to be criminal. See Okereke, 307 F.3d at 120 (distinguishing between changes in law that potentially made conduct non-criminal from changes in the law that deal only with sentencing).

III. CONCLUSION

Petitioner has already brought multiple motions to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. Therefore, he must seek permission from the Fourth Circuit Court of Appeals to bring a second or successive petition under 28 U.S.C. § 2255(h). This Court will construe the present petition as raised under 28 U.S.C. § 2255, and, in the interest of justice, will transfer it to the Fourth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631.[1]

---

[1] 28 U.S.C. § 1631 provides in relevant part:

> [w]henever a civil action is filed in a court . . . and that court finds that there

An appropriate Order follows.

                                                  s/Renée Marie Bumb_____
                                                  **RENÉE MARIE BUMB**
                                                  **United States District Judge**

Dated: April 10, 2017

---

    is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed . . .

5